UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMMONWEALTH NISSAN, INC., d/b/a
COMMONWEALTH NISSAN

V.

SALEM NISSAN, INC.

C. A. No.

## COMPLAINT

1. This is an action by Plaintiff Commonwealth Nissan, Inc., d/b/a Commonwealth Nissan ("Commonwealth" or "Plaintiff") against Defendant Salem Nissan, Inc. ("Salem Nissan" or "Defendant") to redress Salem Nissan's unlawful conduct relating to its unfair and deceptive trade practices and false, misleading, and defamatory statements regarding Commonwealth and Commonwealth's business practices. Because Salem Nissan's violations of law threaten Commonwealth with irreparable harm, and are also contrary to the public interest, injunctive and equitable relief is sought.

## PARTIES

2. Plaintiff Commonwealth is a Massachusetts corporation having a principal place of business at One Commonwealth Drive, Lawrence, Massachusetts. Commonwealth is a motor vehicle dealer as that term is defined by G.L. c. 93B, §1, and pursuant to a Nissan Dealer Sales & Service Agreement entered into with Nissan North America, Inc.

3. Upon information and belief, Defendant Salem Nissan is a New Hampshire corporation having a principal place of business at 354 Main Street, Salem, New Hampshire. Salem Nissan is a competing Nissan motor vehicle dealer.

## JURISDICTION AND VENUE

4. This is a civil action for equitable and injunctive relief brought pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq.; the Unfair and Deceptive Trade Practices Act, Mass. Gen. Laws ch. 93A, §§ 1, 2, and 11; and common law.

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff Commonwealth's federal claim arises under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court has subject matter jurisdiction over Commonwealth's related statutory and common law of the Commonwealth of Massachusetts pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. Upon information and belief, this Court has personal jurisdiction over Defendant Salem Nissan because, among other reasons, it has sold or transported goods and/or services in Massachusetts, it has regularly advertised and solicited business in Massachusetts, it published and sent defamatory statements about Commonwealth to Nissan customers residing in Massachusetts, and its tortious conduct has taken place in Massachusetts.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that, upon information and belief, Defendant Salem Nissan is subject to

personal jurisdiction in the Commonwealth of Massachusetts and/or the wrongful acts committed by Salem Nissan occurred in and are causing injury in the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. Commonwealth was appointed by Nissan North America, Inc. to sell, lease and otherwise deal in motor vehicles, goods, and products marketed under the brand name, "Nissan." Commonwealth is an industry leader in sales of new and used Nissan models.

9. Commonwealth takes customer safety seriously. For this reason, in approximately January 2014, Commonwealth sent out a "Recall Inspection Nissan Vehicle Service Campaign" mailer to its customer base encouraging Nissan customers to be proactive about vehicle safety by offering an opportunity, free of charge, to see whether their vehicle is subject to any Nissan recall or service campaign. A copy of Commonwealth's "Recall Inspection Nissan Vehicle Service Campaign" mailer is attached as **Exhibit 1**.

10. Commonwealth's "Recall Inspection Nissan Vehicle Service Campaign" mailer is consistent with the terms of Nissan North America, Inc.'s Dealer Sales and Service Agreement. Indeed, under this agreement, all Nissan dealers must proactively take steps to ensure that all applicable recall and service campaign inspections have been performed on Nissan models.

11. More specifically, Section 5(A) of Nissan North America, Inc.'s Standard Provisions states that every "Dealer shall take reasonable steps to insure that: the service needs of its customer's Nissan Vehicles are accurately diagnosed…." Likewise, Section 5(B)(3) states that every "Dealer shall inquire, through Nissan Datanet system or otherwise, with respect to each such Nissan Product to determine whether all applicable campaign inspections and/or corrections have been performed on such Nissan Product and, if they have not been performed, Dealer shall perform them."

12. In response to Commonwealth's "Recall Inspection Nissan Vehicle Service Campaign" mailer to its customer base, Salem Nissan, for the improper purpose of soliciting and pilfering Commonwealth's customers and with the goal of destroying Commonwealth's business and reputation, sent a "Fraud Alert" mailer to various Nissan customers, including Commonwealth's customers. A copy of Salem Nissan's "Fraud Alert" mailer is attached as **Exhibit 2**.

13. Salem Nissan's "Fraud Alert" mailer intentionally and maliciously made numerous false, misleading, and defamatory statements about Commonwealth. In this "Fraud Alert" mailer, Salem Nissan wrongfully stated to Nissan customers that Commonwealth has engaged in "deceptive and dishonorable practices," as well as fraud.

14. Perhaps most troubling and damaging, Salem Nissan's false, misleading, and defamatory claims state or imply that Commonwealth's "Recall Inspection Nissan Vehicle Service Campaign" mailer was "sent out for the intended purpose of instilling a

sense of urgency in you to bring your vehicle to [Commonwealth] so that they can comb it over and 'upsell' you."

15. Salem Nissan further wrongfully stated that Commonwealth's "Recall Inspection Nissan Vehicle Service Campaign" mailer is in no way supported by Nissan North America, Inc. and that it intends to "report" Commonwealth's actions to Nissan North America, Inc.

16. Overall, the statements in Salem Nissan's "Fraud Alert" mailer unlawfully state or imply that Commonwealth has done something inappropriate and dishonest, and that Commonwealth will be in "trouble" with Nissan North America, Inc.

17. In carrying out this scheme, Salem Nissan intentionally sent its "Fraud Alert" mailer to numerous Nissan customers to poach Commonwealth's customers, all with the goal of destroying Commonwealth's business and replacing it with Salem Nissan. Salam Nissan is well aware that reputation is an important part of the automotive industry.

18. In addition, Salem Nissan has deliberately defrauded Nissan consumers by undermining Commonwealth's efforts to relay important safety information to Nissan customers.

19. On February 14, 2014, Commonwealth sent Salem Nissan a cease and desist demand letter requesting that Salem Nissan agree to cease and desist from taking further harmful actions or making further harmful statements regarding Commonwealth to any current or potential Nissan customer; issue a written "Apology Alert" to rescind and retract Salem Nissan's "Fraud Alert" mailer; and provide

Commonwealth with copies of any communications between Salem Nissan and Nissan North America, Inc.

20. Despite Commonwealth's request for corrective action, Salem Nissan has refused to do so.

21. As a result of Salem Nissan's actions as set forth above, Commonwealth has been irreparably harmed. Unless enjoined by this Court, Salem Nissan's actions will continue and will result in further irreparable harm to Commonwealth.

## COUNT I: FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION UNDER § 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

22. Commonwealth repeats and realleges each and every allegation contained in paragraphs 1-21 of the Complaint with the same force and effect as if set forth in this Count.

23. Defendant created and distributed marketing materials that include various false, misleading, and defamatory statements, including those set forth above and included in **Exhibit 2**.

24. Defendant's statements explicitly and implicitly convey, among other things:

- that Commonwealth has engaged in "deceptive and dishonorable practices," as well as fraud;

- that Commonwealth sent its "Recall Inspection Nissan Vehicle Service Campaign" mailer "for the intended purpose of instilling a sense of urgency in [Nissan customers] to bring [their] vehicle to [Commonwealth] so that [Commonwealth] can comb it over and 'upsell' [Nissan customers]";

- that Commonwealth's "Recall Inspection Nissan Vehicle Service Campaign" mailer is in no way supported by Nissan North America, Inc.; and

- that Commonwealth has done something inappropriate and dishonest, and that Commonwealth will be in "trouble" with Nissan North America, Inc.

25. Such explicitly and implicitly false statements have caused and will continue to cause Commonwealth significant harm.

26. For those reasons, Defendant's statements constitute false, misleading, and defamatory representations in connection with commercial advertising and promotion in willful and intentional violation of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

27. Commonwealth has been damaged and will continue to be damaged by Defendant's acts unless Defendant is preliminarily and thereafter permanently enjoined by this Court.

28. Commonwealth is without an adequate remedy at law.

### COUNT II: FALSE ADVERTISING AND UNFAIR COMPETITION LAW UNDER MASS. GEN. LAWS. ch. 93A, §§ 1, 2, and 11

29. Commonwealth repeats and realleges each and every allegation contained in paragraphs 1-28 of the Complaint with the same force and effect as if set forth in this Count.

30. Defendant engages in trade and commerce within the Commonwealth of Massachusetts.

31. Commonwealth engages in trade and commerce within the Commonwealth of Massachusetts.

32. Defendant's wrongful acts as described in this Complaint occurred primarily and substantially within the Commonwealth of Massachusetts.

33. Defendant's acts within Massachusetts as described in this Complaint constitute unfair or deceptive acts or practices in Massachusetts within the meaning of Mass. Gen. Laws ch. 93A §§ 1, 2 and 11. Commonwealth has been damaged and will continue to be damaged by Defendant's acts.

34. Defendant's violations of Mass. Gen. Laws ch. 93A §§ 2 and 11 may have the effect of causing a loss of money or property to Commonwealth. As such, Commonwealth is entitled to injunctive relief pursuant to Mass. Gen. Laws ch. 93A, § 11.

35. Commonwealth is seeking injunctive relief and reasonable attorneys' fees and costs incurred in this action pursuant to Mass. Gen. Laws ch. 93A, § 11.

36. Commonwealth is without an adequate remedy at law and is entitled to a permanent injunctive relief.

### COUNT III: DEFAMATION (SLANDER AND/OR LIBEL)

37. Commonwealth repeats and realleges each and every allegation contained in paragraphs 1-36 of the Complaint with the same force and effect as if set forth in this Count.

38. Defendant published false, defamatory, and disparaging written statements about Commonwealth, as described above.

39. These false, defamatory, and disparaging written statements were untrue and made by Defendant intentionally and with malice.

40. These false, defamatory and disparaging written statements are actionable without proof of economic loss. As such, these false and disparaging written statements are libelous and thus constitute per se defamation.

**WHEREFORE**, Commonwealth respectfully demands judgment against Defendant Salem Nissan as follows:

    A. Preliminarily and permanently enjoining Defendant Salem Nissan, including its officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with it, from making further false or misleading statements about or relating to Commonwealth's business practices;

    B. Ordering that all false, misleading, and defamatory materials in Defendant Salem Nissan's possession, including but not limited to all mailings, circulars and advertisements, be delivered to an officer of the Court to be destroyed;

    C. Ordering that Defendant Salem Nissan cooperate in and pay for a corrective advertising campaign sufficient to remedy the harm caused by Salem Nissan's false, misleading, and defamatory statements;

D. Awarding Commonwealth damages for the harm caused to its reputation and goodwill, for the cost of corrective advertising, and for Defendant's profits gained as a result of Defendant's wrongful actions, in an amount to be determined at trial;

E. Increasing such damages by three times the actual amount found;

F. Awarding Commonwealth the costs of this action and reasonable attorney's fees; and

H. Granting to Commonwealth such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Commonwealth hereby demands trial by jury as to all issues in this action triable of right by a jury.

COMMONWEALTH MOTORS, INC., d/b/a
COMMONWEALTH NISSAN

By Its Attorneys,


/s/ Paul Marshall Harris
Paul Marshall Harris (BBO #223500)
Sara Decatur Judge (BBO #669104)
Christopher L. Ayers (BBO #672076)
**BURNS & LEVINSON LLP**
125 Summer Street
Boston, MA 02110
Tel.: 617.345.3000
Fax: 617.345-3299
pharris@bunslev.com
sjudge@burnslev.com
cayers@burnslev.com

Dated: July 24, 2014

4814-7259-2155.1